UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANE DOE,

      Plaintiff,

                                      Case No. 26-cv-11678
v.                                   Honorable Linda V. Parker

ALLY FINANCIAL, INC.,

      Defendants.

_____/

## OPINION AND ORDER REQUIRING THAT PLAINTIFF SEEK LEAVE TO PROCEED ANONYMOUSLY

On May 21, 2026, Plaintiff Jane Doe, through counsel, filed this action against her former employer, Defendant Ally Financial Inc., alleging employment discrimination.  (ECF. No. 1).  She did so under a pseudonym.  For the reasons below, the Court determines Plaintiff's Complaint must be dismissed unless she amends her Complaint to include her identity or files a motion for leave to proceed under her pseudonym.

## I. BACKGROUND

Plaintiff was a manager at Ally Financial Inc., (hereinafter referred to as "Defendant"), beginning in or about 2018.  (ECF No. 1 at PageID.2.)  Before that, she supported Defendant in association with its marketing agencies.  (*Id*.)  Plaintiff states that she was also a caretaker for her father, whose health declined during her

employment with Defendant, resulting in caregiving responsibilities she had to balance with her workload.  (*Id.* at PageID.3.)

Plaintiff alleges that mounting personal stressors (including those related to her father's eventual passing during her employment) resulted in members of her team developing concerns about her demeanor and availability for after-hours activities.  (*Id.* at PageID.5.)  Plaintiff states that she was emotionally exhausted, but that she made a concerted effort to maintain a strong team dynamic.  (*Id.* at PageID.4.)  Nevertheless, Plaintiff alleges team members began interpreting her conduct negatively; she claims team members took valid managerial feedback as personal attacks, viewed her as "unwell," and made assumptions about her capacities simply because she was going through a stressful time.  (*Id.* at PageID.5.)  She claims her work performance was not impacted, and that supervisors continued to endorse her for promotions throughout 2024-25.  (*Id.*)

After she submitted mid-year performance reviews of her direct reports in June 2025, Plaintiff alleges they engaged in a concerted effort to make false, exaggerated, and out-of-context allegations about Plaintiff and her communication style.  (*Id.* at PageID.6.)  Plaintiff submitted a written response addressing the allegations and describing her emotional struggles candidly but alleges that Defendant terminated her employment for violating its core values after she was open and honest about her mental wellbeing.  (*Id.* at PageID.7.)

2

Plaintiff alleges that her termination constituted discrimination and retaliation, based on her disability status, in violation of the Americans with Disabilities Act.  She also alleges sex/gender discrimination and retaliation under Title VII of the Civil Rights Act of 1964.  Plaintiff alleges several state law claims in her Complaint as well, including sex/gender and disability discrimination and retaliation in violation of Michigan's Persons with Disabilities Civil Rights Act and Elliot-Larsen Civil Rights Act.  Finally, Plaintiff alleges intentional infliction of emotional distress.  (ECF No.1 at PageID.9-18).

When Plaintiff filed her Complaint, she did not seek permission to proceed anonymously.  Within the body of her Complaint, Plaintiff also does not explain what justifies the use of a pseudonym under the law.

## II. LAW & ANALYSIS

Generally, complaints must state the names of all parties.  *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (citing Fed. R. Civ. P. 10(a)).  Requiring complaints to name parties helps ensure fundamental fairness within the legal system and preserves the "presumption of open judicial proceedings."  *Doe v. Dabbagh*, No. 15-CV-10724, 2015 WL 13806540 at *1 (E.D. Mich. May 28, 2015).  Despite this general rule, courts may allow plaintiffs to use pseudonyms in exceptional circumstances and when they "file a motion to … proceed pseudonymously."  *Doe v. Sumner Cnty. Bd. of Educ.*, No. 3:23-CV-00498, 2025 WL 3896598, at *2 (M.D.

Tenn. June 2, 2025); *Doe v. Wolowitz*, No. 01-73907, 2002 WL 1310614, at *1 (E.D. Mich. May 28, 2002) (citing *Doe v. Bell Atl. Bus. Sys. Servs., Inc.*, 162 F.R.D. 418, 420 (D.Mass.1995)) ("It is the exceptional case in which a plaintiff may proceed under a fictitious name").

Many courts require parties seeking to proceed pseudonymously to file a motion to do so at the time of filing their complaint. *See Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs*, 886 F.2d 1240 (10th Cir. 1989) (dismissing a complaint for unnamed plaintiffs who did not seek leave at time of filing); *Nat'l Viatical Inc. v. Oxendine,* No. 1:05-CV-3059, 2006 WL 1071839 (N.D. Ga. Apr. 20, 2006), *aff'd*, 221 F. App'x 899 (11th Cir. 2007) (concluding that unnamed plaintiffs who did not get advance permission to commence their action pseudonymously could not be added to the complaint).

Permission is typically granted where "a plaintiff's privacy interests *substantially* outweigh the presumption of open judicial proceedings." *Doe v. Univ. of Detroit Mercy Sch. of Dentistry*, No. 24-CV-11106, 2025 WL 415728 (E.D. Mich. Feb. 6, 2025), *reconsideration denied sub nom., Doe v. Univ. of Detroit Mercy*, No. 24-11106, 2025 WL 1922466 (E.D. Mich. July 14, 2025). In the Sixth Circuit, courts look to a number of factors when balancing these interests:

> (1) Whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) whether the

> litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

*See generally Univ. of Detroit Mercy*, 2025 WL 1922466; *Doe v. R.A.*, No. 2:25-CV-11247, 2025 WL 3527400 (E.D. Mich. Dec. 9, 2025); *Doe v. Shaw Elec. Co.*, No. 24-CV-10746, 2024 WL 1815459 (E.D. Mich. Mar. 28, 2024).  Courts sometimes also consider prejudice to the defendant.  *See, e.g.*, *Wolowitz*, 2002 WL 1310614 at *1.

Beyond the *Porter* factors above, the Federal Rules of Civil Procedure and several federal statutes contemplate further rights to sue pseudonymously.  *See, e.g.*, Fed. R. Civ. P. 5.2; 18 U.S.C. § 3509; 15 U.S.C. § 78u-6.  Fed. R. Civ. P. 5.2 only applies to minors but has been interpreted to include family members where their names would identify minors.  *See, e.g.*, *D.A. by & through B.A. v. Tri Cnty. Area Schs.*, 746 F. Supp. 3d 447 (W.D. Mich. 2024), *aff'd sub nom.*, *B. A. v. Tri Cnty. Area Schs.*, 156 F.4th 782 (6th Cir. 2025).   The names of minors in criminal proceedings are also protected under 18 U.S.C. § 3509.  Meanwhile, the names of adult securities whistleblowers are protected under 15 U.S.C. § 78u-6.  Although numerous statutes establish narrow exceptions to the requirement that all parties must be named, none create a general right to pseudonymous litigation.

When the right to proceed pseudonymously is granted under an exogenous statute such as these, express permission from the court is not needed.  *See, e.g.*

5

*Tri Cnty. Area Schs.*, 746 F. Supp. 3d at 447 (declining to dismiss a pseudonymous action even though the plaintiff never sought leave to proceed anonymously because Fed. R. Civ. P. 5.2 allows minors to proceed by their initials).  Here, Plaintiff has not alleged, nor does the Court find, that she is entitled to proceed pseudonymously under any independent rule or statute.  When there is no independent rule or statute, permission must be sought via a motion.

The Sixth Circuit has held that "failure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case," because "federal courts lack jurisdiction over unnamed parties, as a case has not been commenced with respect to them." *Citizens for a Strong Ohio v. Marsh*, 123 Fed. App'x. 630, 637 (6th Cir. 2005) (citing *Gibbs*, 886 F.2d 1240 (10th Cir. 1989)).  It has not recognized exceptions besides those created by statutes.  *See e.g. Tri Cnty. Area Schs.*, 746 F. Supp. 3d at 447.

In other cases, however, the Sixth Circuit has been less categorical.  *See Koe v. Univ. Hosps, Health Sys., Inc.,* No. 22-3952, 2024 WL 1048184 (6th Cir. Mar. 8, 2024) (holding that a lower court's assessment that it lacked subject matter jurisdiction over an anonymous plaintiff was "at worst a harmless error," but not rejecting *Marsh*).  Challenges to such dismissals have been unsuccessful, though, where plaintiffs are furnished with a full and fair opportunity to justify their need to proceed under a pseudonym.  *Id*. at *2-3.

### III. CONCLUSION

Here, Plaintiff's identity is not protected under any independent rule or statute.  Consequently, Plaintiff is unable to proceed under a pseudonym unless she obtains permission from the Court via a motion, and that motion is granted according to the *Porter* factors above.

For the foregoing reasons, **within 14 days** Plaintiff shall file an amended Complaint in compliance with Fed. R. Civ. P. 10(a), which requires that all parties be named in the title of the complaint.  Alternatively, Plaintiff may proceed by filing a motion with the Court explaining why she is entitled to proceed anonymously under applicable law.  Plaintiff's failure to do so will result in the dismissal of her Complaint without prejudice.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: July 17, 2026