**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

JANE DOE,

      Plaintiff,                               Case No.: 26-cv-11678

      v.                                 Hon. Linda V. Parker

ALLY FINANCIAL, INC.*,*

      Defendants.

| | |
|---|---|
| Fabiola A. Galguera (P84212) | Emily M. Petroski (P63336) |
| NACHTLAW, P.C. | Alessia Montemurri (P88815) |
| *Attorneys for Plaintiff* | JACKSON LEWIS P.C. |
| 501 Avis Drive, Suite 3 | Attorneys for Defendant |
| Ann Arbor, Michigan 48108 | 2000 Town Center, Suite 1650 |
| (734) 663-7550 | Southfield, MI  48075 |
| dnacht@nachtlaw.com | (248) 936-1900 |
| fgalguera@nachtlaw.com | emily.petroski@jacksonlewis.com |
| | alessia.montemurri@jacksonlewis.com |

## PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM

Plaintiff Jane Doe, by and through her counsel, NACHTLAW, P.C., submits the foregoing Motion to Proceed Under Pseudonym and states in support:

1.     Plaintiff filed her complaint on May 21, 2026 against Defendant Ally Financial, Inc., alleging disability discrimination and retaliation in violation of the Americans with Disabilities Act, sex/gender discrimination and retaliation in violation of Title VII of the Civil Rights Act, disability discrimination and retaliation in violation of Michigan's Persons with Disabilities Civil Rights Act, sex/gender

1

discrimination and retaliation in violation of Michigan's Elliott-Larsen Civil Rights Act, and Intentional Infliction of Emotional Distress. (ECF No. 1, PageID.1-19).

2.      On July 17, 2026, this Court issued an Order, requesting that Plaintiff either file an amended complaint under her name or seek leave to proceed under pseudonym. (ECF No. 3, PageID.33-39).

3.      Under the non-exhaustive *Porter* factors, particularly the second factor regarding the need to disclose information of the utmost intimacy, Plaintiff's request to remain anonymous is justified.

4.      Plaintiff's complaint alludes to extremely sensitive topics, including mental health issues.

5.      In order to properly prosecute her claims, Plaintiff will need to discuss perceptions of mental health issues, actual mental health records, medical records, and distressing personal issues such as her father's health conditions and unfortunate passing and the medical issues and conditions of others close to Plaintiff.

6.      Additionally, other relevant factors identified by the courts, such as prejudice to the defendants, financial impact on Plaintiff, and the potential of continued psychological harm, support granting this Motion for Pseudonym.

7.      Defendant is aware of who Plaintiff is, and her remaining anonymous does not impact its ability to defend this matter.

2

8.     Plaintiff is in the marketing and public relations industry, with a growing interest in real estate.

9.     Public association with mental health issues would subject Plaintiff to stigma that would ultimately negatively impact her career and future economic perspectives.

10.     Plaintiff will suffer tremendous ongoing psychological harm as a result of having to pursue this matter with her name publicly disclosed; she would be litigating this matter at the expense of a continuing career.

11.     Plaintiff further relies on the Brief in Support.

Pursuant to E.D. Mich. LR 7.1(a)(2), the undersigned states that counsel for Plaintiff attempted to obtain concurrence in the relief sought from Defendant's counsel, by email on July 31, 2026. Defendant declined concurrence.

WHEREFORE for the reasons stated herein and in the foregoing Brief in Support, Plaintiff respectfully requests that this Court GRANT her Motion to Proceed Under Pseudonym.

Respectfully submitted,

NACHTLAW, P.C.

/s/ Fabiola A. Galguera
Fabiola A. Galguera
Attorney for Plaintiff
501 Avis Drive, Suite 3
Ann Arbor, MI  48108

3

(734) 663-7550
fgalguera@nachtlaw.com

Dated: July 31, 2026

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

JANE DOE,

     Plaintiff,                         Case No.: 26-cv-11678

     v.                               Hon. Linda V. Parker

ALLY FINANCIAL, INC.*,*

     Defendants.

| | |
|---|---|
| Fabiola A. Galguera (P84212) | Emily M. Petroski (P63336) |
| NACHTLAW, P.C. | Alessia Montemurri (P88815) |
| *Attorneys for Plaintiff* | JACKSON LEWIS P.C. |
| 501 Avis Drive, Suite 3 | Attorneys for Defendant |
| Ann Arbor, Michigan 48108 | 2000 Town Center, Suite 1650 |
| (734) 663-7550 | Southfield, MI  48075 |
| dnacht@nachtlaw.com | (248) 936-1900 |
| fgalguera@nachtlaw.com | emily.petroski@jacksonlewis.com |
| | alessia.montemurri@jacksonlewis.com |

**<u>PLAINTIFF'S BRIEF IN SUPPORT OF HER</u>**
**<u>MOTION TO PROCEED UNDER PSEUDONYM</u>**

i

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES................................................................................III

I. INTRODUCTION ...................................................................................1

II. STATEMENT OF RELEVANT FACTS ..........................................................2

III.    ARGUMENT ......................................................................................5

    a. Legal Standard ...............................................................................5

    b. Plaintiff's Privacy Interests Substantially Outweigh the Presumption of Open Judicial Proceedings.........................................................................6

        *i. Porter* Factors...........................................................................6

        ii. Other relevant factors ...............................................................9

IV. CONCLUSION ...................................................................................11

PROOF OF SERVICE ...................................................................................11

ii

# TABLE OF AUTHORITIES

C ASES

*Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630 (6th Cir. 2005)..................9

*Doe 1 v. Gupta*, No. 3:22-CV-1122, 2023 U.S. Dist. LEXIS 57639, 2023 WL 2734674 (N.D. Ohio Mar. 31, 2023) ...............................................................6

*Doe v. Dabbagh*, No. 15-CV-10724, 2015 U.S. Dist. LEXIS (E.D. Mich. May 28, 2015) ...........................................................................................................7

*Doe v. Fedex Ground Package Sys. Inc*., No. 3:21-CV-00395, 2021 U.S. Dist. LEXIS 209324 (M.D. Tenn. Oct. 29, 2021) .........................................................6

*Doe v. Kenyon Coll*., No. 2:20-CV-4972, 2020 U.S. Dist. LEXIS 259545 (S.D. Ohio Sept. 24, 2020) ....................................................................................7

*Doe v. Mechanicsburg Sch. Bd. of Educ*., 518 F. Supp. 3d 1024 (S.D. Ohio 2021) .7

*Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) .................................................5, 7

*Doe v. Streck*, 522 F. Supp. 3d 332 (S.D. Ohio 2021) ..............................................7

*Doe v. The Univ. of Akron*, No. 5:15-CV-2309, 2016 U.S. Dist. LEXIS 192433 (N.D. Ohio Feb. 3, 2016) ................................................................................6

*Doe v. Univ. of the S*., No. 4:09-CV-62, 2011 U.S. Dist. LEXIS 175987 (E.D. Tenn. July 8, 2011) ......................................................................................7

*Does 1-114 v. Shalushi*, No: 10-11837 2010 U.S. Dist. LEXIS 77331 at *7-8, citing *Stegall*, 653 F.2d ....................................................................................10

*Evans v. Robertson*, No. 24-13435, 2025 U.S. Dist. LEXIS 118626, at *4 (E.D. Mich. June 23, 2025) ......................................................................................6

*Fedex*, 2 U.S. Dist. LEXIS 209324 .........................................................................7

*H.G. v. Inter-Continental Hotels Corp*., 489 F. Supp. 3d 697 (2020)......................7

*Poe v. Lowe*, 756 F. Supp. 3d 537, 544 (M.D. Tenn. 2024).................................6, 7

*Ramsbottom v. Ashton*, No. 3:21-CV-00272, 2021 U.S. Dist. LEXIS 119989 (M.D. Tenn. June 28, 2021)......................................................................................6

Robertson, No. 24-cv-13435, 2025 U.S. Dist. LEXIS 188954, at *3 (E.D. Mich. Sep. 25, 2025) ..........................................................................................9

*Streck*, 522 F. Supp. 3, citing *Doe v. Mitchell*, No. 2:20-cv-00459, 2020 U.S. Dist. LEXIS 220750 (S.D. Ohio Nov. 24, 2020)..........................................................9

*Z.J. v. Vanderbilt Univ.*, 355 F. Supp. 3d 646, (M.D. Tenn. 2018) .........................7

Plaintiff Jane Doe, by and through her counsel, NACHTLAW, P.C., submits the foregoing Brief in Support of her Motion to Proceed Under Pseudonym.

## I.  INTRODUCTION

Plaintiff Jane Doe brings this employment discrimination case against her former employer, Defendant Ally Financial, Inc., alleging violations of the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, Michigan's Persons with Disabilities Civil Rights Act, and Michigan's Elliott-Larsen Civil Rights Act. (ECF No. 1). Plaintiff's claims arise from Defendant's termination of her employment after her colleagues and supervisors perceived her as emotionally unwell and depressed following the decline and death of her father, and after she disclosed her emotional struggles in response to false allegations made against her while trying to fight those very allegations.

On July 17, 2026, this Court issued an Order requiring Plaintiff either to amend her Complaint to include her identity or to file a motion for leave to proceed under her pseudonym. (ECF No. 3). Plaintiff now respectfully moves for such relief. Plaintiff's privacy interests in avoiding public disclosure of her perceived mental health condition, the intimate nature of her caregiving responsibilities and grief, and the risks of professional and personal harm substantially outweigh the presumption of openness in judicial proceedings. Plaintiff is challenging employer conduct, and prosecution of this suit will compel her to disclose information of the utmost

1

intimacy regarding her mental and emotional health, her father's medical decline and death, and the personal circumstances that led Defendant and her colleagues to perceive her as disabled.

## II.   STATEMENT OF RELEVANT FACTS

Plaintiff Jane Doe was employed by Defendant Ally Financial, Inc., as a Manager in its Marketing and Public Relations Department from approximately 2018 until her termination in July 2025. (ECF No. 1, PageID.2, 9). Prior to her direct employment with Defendant, Plaintiff supported Defendant through marketing agencies from approximately 2013 to 2018, and she was considered a valuable asset to the company. (*Id.* at PageID.2). Defendant's leadership nominated Plaintiff for an industry culture award in March 2025. (*Id.* at PageID.4).

Throughout her employment, Plaintiff served as a caregiver for her father, whose health declined over several years. (*Id.* at PageID.3). In April 2024, Plaintiff's father experienced a medical emergency at Plaintiff's home that left him in critical condition, and he was transported by ambulance for life-saving treatment. (*Id.*). Plaintiff's father's health continued to worsen through 2024 and 2025, requiring Plaintiff to balance her work responsibilities with caregiving duties. (*Id.*). Plaintiff's father was hospitalized for the third time in March 2025, and he died shortly thereafter. (*Id.* at PageID.4-5).

During this period, Plaintiff also experienced significant personal stressors, including close friends facing terminal illnesses. (*Id.* at PageID.3). Plaintiff's son witnessed multiple medical emergencies involving his grandfather and required emotional support from Plaintiff. (*Id.* at PageID.4). Despite these challenges, Plaintiff continued to perform her job duties and support her team. (*Id.*).

After Plaintiff's father's death, members of her team began expressing concerns that Plaintiff was "less present and available during happy hours and dinners" and criticized her for not attending an "after, after" party at a departmental offsite in May 2025. (*Id.*). Team members perceived Plaintiff as quieter and more withdrawn. (*Id.* at PageID.5). When Plaintiff explained that she was emotionally exhausted following her father's death, team members treated her differently and began interpreting her valid managerial feedback as personal attacks. (*Id.*). Plaintiff's team viewed her as "unwell," despite the fact that the quality of her work never declined. (*Id.*).

In June 2025, Plaintiff conducted mid-year performance evaluations for her direct reports and provided constructive criticism. (*Id.* at PageID.6). Her direct reports responded defensively and subsequently engaged in a concerted effort to make false, exaggerated, and out-of-context allegations against Plaintiff. (*Id.*). On July 14, 2025, Plaintiff learned that members of her team had provided information to Defendant's Employee Relations department accusing her of inappropriate

3

communication and an improper communication style. (*Id.* at PageID.7). Within 48 hours, Plaintiff submitted a detailed written response of more than 20 pages addressing the allegations and candidly discussing her emotional struggles. (*Id.*). Defendant acknowledged that Plaintiff's evidence disproved the allegations in large part and cast doubt on the credibility of the complaining team members, but nevertheless terminated Plaintiff's employment for allegedly violating Defendant's "core values." (*Id.*).

Defendant terminated Plaintiff because it perceived her as having a mental-health-related disability, including perceived depression, anxiety, emotional instability, or similar impairment. (*Id.* at PageID.8). Furthermore, discrimination based on sex and gender stereotypes about warmth, emotional expressiveness, and social availability played a role in her termination, and Defendant retaliated against her for opposing discriminatory treatment. (*Id.*).

On May 21, 2026, Plaintiff filed her Complaint under the pseudonym "Jane Doe." (ECF No. 1). In the Complaint, Plaintiff stated that she was requesting anonymity due to the impact of Defendant's actions on her career and livelihood and the potential for further harm if her identity were made public given the subject matter and basis of discrimination, and that she would file an appropriate motion for anonymity if requested by the Court. (*Id.* at PageID.1). On July 17, 2026, this Court issued an Order requiring Plaintiff to amend her Complaint to include her identity

4

or, alternatively, to file a motion explaining why she is entitled to proceed anonymously under applicable law. (ECF No. 3). Plaintiff now files this Motion in compliance with that Order.

## III.   ARGUMENT

### a.  Legal Standard

"As a general matter, a complaint must state the names of all parties. Fed. R. Civ. P. 10(a). However, we may excuse plaintiffs from identifying themselves in certain circumstances." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). *Porter* lays out non-exhaustive factors to support courts in determining whether "a plaintiff's privacy interests *substantially* outweigh the presumption of open judicial proceedings," *Id.*, [emphasis added]:

> "(1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity;
>
> (2) whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy';
>
> (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and
>
> (4) whether the plaintiffs are children."

*Id.*, quoting *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981).

"Other relevant factors include the risk of prejudice to the defendant's right to mount a defense, the potential of psychological harm to a plaintiff subject to public identification, and whether the plaintiff might suffer harm to his reputation and

5

economic interests." *Poe v. Lowe*, 756 F. Supp. 3d 537, 544 (M.D. Tenn. 2024),

citing *Doe v. Fedex Ground Package Sys. Inc.*, No. 3:21-CV-00395, 2021 U.S. Dist.

LEXIS 209324 (M.D. Tenn. Oct. 29, 2021); *Ramsbottom v. Ashton*, No. 3:21-CV-

00272, 2021 U.S. Dist. LEXIS 119989 (M.D. Tenn. June 28, 2021); *Doe v. The Univ.

of Akron*, No. 5:15-CV-2309, 2016 U.S. Dist. LEXIS 192433 (N.D. Ohio Feb. 3,

2016); see also *Evans v. Robertson*, No. 24-13435, 2025 U.S. Dist. LEXIS 118626,

at *4 (E.D. Mich. June 23, 2025), quoting *Doe 1 v. Gupta*, No. 3:22-CV-1122, 2023

U.S. Dist. LEXIS 57639, 2023 WL 2734674 (N.D. Ohio Mar. 31, 2023) ("Courts

may consider 'whether the [anonymous litigant] would risk suffering injury if

identified and whether the [other litigants] would be prejudiced by [their] proceeding

anonymously.'").

### b. Plaintiff's Privacy Interests Substantially Outweigh the Presumption of Open Judicial Proceedings

A review of the *Porter* factors, along with other recognized factors to be used in

consideration of a motion to proceed under pseudonym, weigh in Plaintiff's favor to

keep the Jane Doe designation.

### i. *Porter* Factors

Factors 1, 3, and 4 weigh neutrally in the Court's consideration of this matter

as Defendant is not a government entity; Plaintiff is not compelled to disclose an

intention to violate the law; and Plaintiff is not a minor. Factor 2, however, squarely

weighs in Plaintiff's favor.

"Courts in this circuit have routinely found that cases involving allegations of sexual assault compel such disclosure and have granted pseudonymity to both victims of sexual assault and those accused of sexual assault." *Poe v. Lowe*, 756 F. Supp. 3d 537, 545 (M.D. Tenn. 2024), citing *Doe v. Streck*, 522 F. Supp. 3d 332 (S.D. Ohio 2021); *Fedex*, 2 U.S. Dist. LEXIS 209324; *Doe v. Dabbagh*, No. 15-CV-10724, 2015 U.S. Dist. LEXIS (E.D. Mich. May 28, 2015); *Z.J. v. Vanderbilt Univ.*, 355 F. Supp. 3d 646, (M.D. Tenn. 2018); *Doe v. Kenyon Coll.*, No. 2:20-CV-4972, 2020 U.S. Dist. LEXIS 259545 (S.D. Ohio Sept. 24, 2020); *Doe v. Univ. of the S.*, No. 4:09-CV-62, 2011 U.S. Dist. LEXIS 175987 (E.D. Tenn. July 8, 2011). Pseudonym has been permitted in cases involving human trafficking, *H.G. v. Inter-Continental Hotels Corp.*, 489 F. Supp. 3d 697 (2020), cases involving discussions on religion, *Doe v. Porter*, 370 F.3d 558 (2004)[1], and cases involving discussions about mental health including self-harm and suicidal ideation, *Doe v. Mechanicsburg Sch. Bd. of Educ.*, 518 F. Supp. 3d 1024 (S.D. Ohio 2021).

Plaintiff's complaint specifically alleges: "Plaintiff's team accused her of inappropriate communication and an improper communication style." (ECF No. 1, PageID.7). These communications included references to inappropriate

---

[1] While the court in this matter also made a note regarding factor 4, as the parents were proceeding on behalf of their children, the discussion regarding factor 2 is separate and highlights the level of discretion a court can have in considering these kinds of motions.

conversations and communications of a sexual nature. While Plaintiff is not herself a victim of sexual assault nor accused of perpetrating sexual assault, she has been implicated in allegations of broader harassment based on communications of a sexual nature and even accused of homophobia. Having to defend against such accusations – which, as put forth in the complaint, (ECF No. 1, PageID. 7), she adamantly denies – would require intimate discussions involving sexual topics. Given the burden-shifting rules that apply in discrimination cases, Plaintiff will have to ultimately defend against those accusations.

Furthermore, as noted in the complaint and as a direct result of the false allegations levied against her, (*Id.*), Plaintiff did have to disclose personal details regarding her emotional struggles at the time. Not only will she have to discuss those emotional struggles – which include the illness and death of loved ones like her father and the impact on her mental health – she will have to disclose medical records containing extremely sensitive information, including feelings of "worthlessness" that became prominent due to Defendant's treatment. Plaintiff, while having been in previously sought mental health care, experienced a "heightened anxiety response" due to the nature of her termination. (Ex. 1). Plaintiff's worsened state has impacted her ability to seek employment. (*Id.*).

Plaintiff, in order to properly prosecute this matter, will have to delve into defending false accusations of inappropriate behavior *and* an in-depth investigation

into her mental health and well-being. This factor alone supports finding that here, Plaintiff's privacy interests substantially outweigh the presumption of open identification.

### ii. Other relevant factors

The Court is not restrained to the *Porter* factors in considering this Motion. First, Defendant is not prejudiced by Plaintiff's remaining anonymous. In determining "whether the party opposing anonymity will be prejudiced by 'being forced to proceed with insufficient information to present their arguments.'" Robertson, No. 24-cv-13435, 2025 U.S. Dist. LEXIS 188954, at *3 (E.D. Mich. Sep. 25, 2025), quoting *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630 (6th Cir. 2005). Critically, "privately informing defense counsel of plaintiff's identity obviated any risk of prejudice." *Streck*, 522 F. Supp. 3, citing *Doe v. Mitchell*, No. 2:20-cv-00459, 2020 U.S. Dist. LEXIS 220750 (S.D. Ohio Nov. 24, 2020) Defendant is fully aware of Plaintiff's identity given the information presented in this matter. Defendant will not have an issue defending this case on any basis due to the pseudonym.

The potential psychological harm of having to proceed out of pseudonym is very real in this matter. Already, the manner in which Defendant improperly terminated has caused significant damage to her well-being as noted by a professional who has been working with Plaintiff for some years now. (See Ex. 1).

9

Having to publicly address such salacious false allegations while simultaneously having her mental health history picked apart would amplify the damage already done by Defendant. Disclosure of Plaintiff's identity would subject her to stigma associated with perceived mental health conditions, a harm analogous to the infamy associated with criminal behavior. *Does 1-114 v. Shalushi*, No: 10-11837 2010 U.S. Dist. LEXIS 77331 at *7-8, citing *Stegall*, 653 F.2d. Revealing personal beliefs about sensitive topics can subject plaintiffs to considerable harassment when those beliefs have been shown to invite opprobrium. See *id.* Not only is mental health stigmatized, but so are individuals accused of inappropriate communications and/or conduct.

Related to the psychological harm related to having her name publicly revealed, Plaintiff faces substantial negative future economic and professional repercussions if she is not allowed to proceed under pseudonym. The concern goes beyond general stigma here: an accusation of sexually inappropriate communications, including references to homophobia, can be *career-ending*, especially for someone working in a public-facing industry where reputation is of an utmost importance. Again, her discussion of her mental health does not fare any better. As discussed above, Plaintiff works in a field where professional reputation is essential. Public disclosure of allegations that she was perceived as mentally unstable and unable to perform her duties would damage her ability to secure future

10

employment and advance her career. Plaintiff has alleged that Defendant's conduct caused her significant personal and professional harm. (ECF No. 1, PageID.9-19).

## IV.  CONCLUSION

For the reasons stated herein, Plaintiff respectfully request that this Court GRANT her Motion to Proceed Under Pseudonym and allow her to proceed through this litigation anonymously.

Respectfully submitted,

NACHTLAW, P.C.

/s/ Fabiola A. Galguera
Fabiola A. Galguera
Attorney for Plaintiff
501 Avis Drive, Suite 3
Ann Arbor, MI  48108
(734) 663-7550
fgalguera@nachtlaw.com

Dated: July 31, 2026

## PROOF OF SERVICE

On this day July 31, 2026, the undersigned filed the foregoing document with the Court using the CM/ECF system, which will send notice to all counsel of record.

/s/ Whitney Wuebben

11